1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13

PRESTON WILLIAM BRAXTON,          )     No. C 06-3687 JSW (PR)
                                  )
              Plaintiff,          )     **ORDER OF DISMISSAL WITH**
                                  )     **LEAVE TO AMEND, GRANTING**
      vs.                         )     ***IN FORMA PAUPERIS* STATUS**
                                  )     **AND DENYING MOTION FOR**
A.P. KANE, et al.,                )     **COUNSEL**
                                  )
              Defendants.         )     **(Docket Nos. 1, 4, 6)**
                                  )
_____  )

14
15
16

**INTRODUCTION**

17
18

Plaintiff, formerly a prisoner of the State of California incarcerated at the

Correctional Training Facility ("CTF") in Soledad, California, filed this civil rights

action pursuant to 42 U.S.C. § 1983, complaining about a new policy at the prison,

whereby Plaintiff was forced to sign a blank parole conditions form regarding the

conditions set for his release on parole.  Plaintiff also seeks leave to proceed in forma

pauperis (docket nos. 1, 4), which is now GRANTED.  In this order, the Court dismisses

the complaint with leave to amend and orders Plaintiff to file an amended  complaint

within thirty days of the date of this order.

**STATEMENT OF FACTS**

Plaintiff alleges that Correctional Officer Arno at CTF ordered Plaintiff to sign a

"Notice of Conditions" form before his release on parole that was blank and that the

conditions were "to be determined" at a later date.  Plaintiff alleges that this new policy

at CTF violates state law and policy and that he should not have been ordered to sign a

blank form.  Although Plaintiff uses the term "federal laws" in the complaint, he does not identify what federal laws he contends are violated by this policy.  Plaintiff also does not allege whether the parole conditions which were blank at the time he signed the notice were subsequently filled out and provided to him prior to his release from custody.  However, Plaintiff has informed the Court that he has been released from custody (docket no. 9).  Plaintiff apparently seeks injunctive relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question.  *Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).  While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989

(9th Cir. 1976).  And a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

While Plaintiff has stated the basic facts underlying his complaint, it is not clear from the complaint whether he states a violation of federal law.  While this Court cannot discern a violation of Plaintiff's constitutional rights in his being asked to sign a blank form that will be filled out later, Plaintiff does have a due process right to notice of the conditions that may constitute a violation of parole.  *See, United States v. Guagliardo,* 278 F.3d 868, 872 (9th Cir. 2002) (stating rule with respect to conditions of probation and citing *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 ( 1972)). As such, Plaintiff must identify in his amended complaint whether he was provided with a form with documented conditions before his release from.  Without this basic information, the complaint cannot proceed.  Accordingly, the complaint is DISMISSED.  However, Plaintiff is provided with LEAVE TO AMEND his complaint within thirty days, as set forth below.

Plaintiff has also requested that the Court appoint counsel to represent him (docket no. 6).  However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

The decision to request counsel to represent an indigent litigant under § 1915 is

within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525;  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  *See id.*   As it is unclear at this point whether Plaintiff's complaint states a claim for relief under § 1983, Plaintiff's motion is DENIED without prejudice (docket no. 6).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within ***thirty days from the date of this order***.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.

2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

4

Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  January 17, 2007

_____
JEFFREY S. WHITE
United States District Judge